ATLAS LIFE INSURANCE COMPANY *v.* KENNEDY.

4-4152

Opinion delivered February 10, 1936.

*Silas W. Rogers*, for appellant.

*J. V. Spencer*, for appellee.

McHaney, J. Appellee has two policies of insurance on his life in appellant company—one for $1,000 and the other for $2,000. Attached to each policy is a permanent and total disability clause, providing for the payment to him, in the event of such disability, of $10 per month per $1,000 of insurance, "if the insured shall furnish the company with due proof that he has * * * become wholly disabled by bodily injuries or diseases, * * * and will be presumably thereby permanently, continuously and wholly prevented from engaging in any occupation or employment whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days." Another provision is that: "Disability benefits shall be effective upon receipt at the company's home office * * * of due proof" showing total and permanent disability. Total disability is defined to be such that prevents the insured from engaging in any occupation for remuneration or profit, and "disability shall be presumed to be permanent after the insured has been continuously so disabled for not less than three months, and during all of that period prevented from engaging in any occupation for remuneration or profit." Permanent loss of the sight of both eyes, among other injuries, is deemed total and permanent disability without prejudice to other causes of disability. There is also a clause waiving premiums falling due after approval of proof of disability and during same. Any premium due prior to approval must be paid, and those paid after approval are to be refunded.

On May 9, 1927, appellee was severely injured in a tornado or windstorm at Strong, Arkansas, was taken to a hospital where he was treated, and he was found to be so severely injured that his physician thought he would die. On August 8, 1927, he made proof of total and permanent disability, and forwarded same to appellant's home office, where it was received August 10, and the claim was disallowed. On December 1, 1934, he brought this action to recover the accrued benefits for the five years immediately preceding with interest. Later he

amended his complaint to recover for five additional months benefits which had accrued subsequent to the filing of the original complaint, with interest, in the aggregate sum of $2,271.75. He also sought to recover premiums paid subsequent to the making of proof of disability which, with interest, amounted to $74.10, or a total of $2,345.85. Appellant demurred to the complaint which was overruled, and it answered denying liability. Trial to a jury resulted in a verdict and judgment for appellee in the sum of $2,271.75, from which comes an appeal, and a cross-appeal by appellee from the refusal of the court to assess a penalty of 12 per cent. and a reasonable attorney's fee.

For a reversal of the judgment against it, appellant makes a number of arguments under six separate headings. It is first urged that the court erred in overruling the demurrer to the complaint, and that there was a failure of proof. It is contended that appellee should have alleged not only that the policies were in effect on May 9, 1927, the date of the injury, but that he should have alleged and proved they were in effect on August 11, 1927, the date proof was received by it. The correct date proofs were received appears to be August 10, as stamped thereon by the home office. We think it sufficiently appears, both in the allegations and evidence, that there was no default in premiums prior to 1929, when an application for reinstatement was made and accepted. We cannot agree with appellant in this contention.

It is next said the complaint is at variance with the proof. The complaint alleged that appellee is totally blind, and that his eyes have been so affected since May 9, 1927. He also alleged many other injuries causing total and permanent disability, which were received in the windstorm. It is conceded that appellee is now totally blind, and has been so since 1932. His physician testified that he had two very bad fractures of the skull, both depressed fractures, and a bad injury to the leg besides numerous abrasions and bruises on his face, body and hands. The proof tended to show that the injuries received affected his eyes, and that as time passed his vision became more impaired until total blindness came upon

him. Moreover, the proof, considered in the light most favorable to appellee, shows that appellee has been totally disabled since May 9, 1927. Proof of disability was made just three months after receipt of the injuries, and it is undisputed that he was totally disabled during that time, and under the plain provision of the policies above set out on proof of total disability for three months, it is presumed to be permanent. It was proper to prove any fact tending to show disability within the meaning of the policy, and we think no variance is shown.

It is next said the court erred in refusing to declare a mistrial on account of an occurrence in the presence of the jury. Appellee testified that, since he received his injuries, he was given to having "spells" of some kind in which he becomes paralyzed and unconscious, and appellant says he had one of such "spells" and "passed out" in the presence of the jury. The record fails to reflect what happened, but the court, in instructing the jury, asked each juror if anything had happened to prejudice them. All of them answered in the negative. We think the record fails to reflect any prejudice to appellant's rights. Nor do we think Dr. Wharton's testimony as to the nature and extent of appellee's injuries such a surprise as to justify the court in granting appellant a continuance. His testimony supported in part the allegations of the complaint.

Other errors are assigned and argued, that proof of disability was a condition precedent, error in instructions, and estoppel by reason of an application for reinstatement in which appellee stated he was in good health. We will not discuss these assignments at length. Suffice it to say that proof of disability was made showing total disability at that time and from the date of the injury, which under the policy, was presumed to be permanent; that the court fully and fairly instructed the jury; and that no estoppel existed by reason of the application for reinstatement. There was a condition of blindness, and a person might be totally blind yet be in good health.

As to the cross-appeal, appellee failed to recover the amount sued for, so the court properly disallowed pen-

alty and attorney's fees under numerous decisions of this court.

The case will be affirmed both on appeal and cross-appeal.